IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISZEK PIOTR CETERA, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO. 06-37J |
| ) | |
| v. ) | |
| ) | |
| JOHN YOST, ) | JUDGE GIBSON |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION and ORDER

**GIBSON, J.**

This matter comes before the Court on the "Petitioner's Appeal From Magistrate Judges [sic] Order to the District Court Judge Pursuant to Rule 72" (Document No. 10).

The Petitioner appeals a "Notice and Order (§ 2255)" (Document 9) claiming that the references to 28 U.S.C. § 2255 are incorrect as he has filed a petition for habeas corpus under 28 U.S.C. § 2241. The Petitioner has filed a form petition under § 2241 but the substance of the petition, and not its label, is the basis upon which a Court must decide the issues of the petition. *See Andrews v. United States*, 373 U.S. 334, 338, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383, 387 (1963). This Court ordered the Notice and Order at issue to be re-issued with reference to § 2255, and not § 2241, after the Petitioner's previous appeal, which objected to the first Notice and Order because of an incorrect reference to § 2241. *See* Appeal of Magistrate Decision (Document No. 7) and Memorandum Opinion and Order of March 23, 2006 (Document No. 8). The Court's directive to the magistrate judge to re-issue his Notice and Order pursuant to § 2255 was correct as the Petition at issue is an attempt to attack the sentence

imposed and have it vacated under 28 U.S.C. § 2255. Further review of the Petition reveals that the Petitioner has filed a previous § 2255 motion with the sentencing court and also requested permission to file successive petitions under 28 U.S.C. § 2244.

Therefore, the *Miller*[1] notice at issue in this appeal appears to be superfluous as the Petitioner is attempting to file yet another § 2255 motion, but under the label of a § 2241 petition to circumvent the successive filing certification requirements under 28 U.S.C. § 2244 as made applicable to 28 U.S.C. § 2255 motions by the explicit language of § 2255 itself. *Miller* notices are necessary for first time filers of § 2255 motions, not successive filers of § 2255 motion; as a second or successive motion under § 2255 must be certified by the Court of Appeals for the Third Circuit. This is clear from the fact that the *Miller* notice itself is required to ensure that *pro se* petitioners understand that all claims under § 2255 must be raised in one petition and petitioners are otherwise precluded from filing further § 2255 petitions without approval of the Court of Appeals.

Notwithstanding the labeling of the petition at issue as being under § 2241, the Court hereby gives notice to Petitioner that his petition will be re-characterized as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The Court also recognizes that it is clear from the face of the petition that the Petitioner has already raised claims before the sentencing court attacking his sentence pursuant to § 2255 based upon *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) and now attempts to use the same argument, but labels it as a petition for writ of habeas corpus pursuant to

---

[1] *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). *Miller* requires the issuance of a notice to *pro se* petitioners who file post-conviction motions that advise the petitioner that " he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion and file one all-inclusive § 2255 petition within the one-year statutory period." *Miller* at 652.

28 U.S.C. § 2241. The Petitioner is incorrect in his designation and his petition is correctly styled as a motion to vacate under 28 U.S.C. § 2255.

Recognizing that the Petitioner in the case *sub judice* seeks relief pursuant to 28 U.S.C. § 2255, and the issue of permission to file successive motions is not properly before this Court, the Court will remand this matter to the magistrate judge to evaluate this issue in due course. In resolving the appeal issue presently before us, the Court finds that the Petitioner's objections on appeal are denied and that the references in the Notice to § 2255 were correct. Nevertheless, in recognizing that the Petitioner most likely is seeking to file for relief under successive § 2255 motions, the *Miller* notice containing references to § 2255 as objected to by the Petitioner may have been issued prematurely at this juncture. This will be more clear after the magistrate judge evaluates the issue of successive § 2255 motions made by the Petitioner and issues a report and recommendation.

**AND NOW**, this 6th day of April, 2006, this matter coming before the Court on the Petitioner's Appeal From Magistrate Judges [sic] Order to the District Court Judge Pursuant to Rule 72 (Document No. 10), IT IS HEREBY ORDERED THAT the Petitioner's objections on appeal are DENIED; and IT IS FURTHER ORDERED THAT the Notice and Order ( § 2255) (Document No. 9) is VACATED as the magistrate judge must evaluate if the present petition is a successive motion pursuant to 28 U.S.C. § 2255 and issue a report and recommendation regarding this issue.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT COURT**